UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 14, 2020

MEMORANDUM TO COUNSEL RE:          Eugene Scalia[1] v. Lois Peters, et al.
                                                                  Civil Action No. GLR-18-2933

Dear Counsel:

      Pending before the Court is Defendants Lois Peters, Frank Dickerson, International Health Care Consultants, Inc. (d/b/a Ashleigh's Place), Cedar Lane Senior Assisted Living Facility, Inc., and Ashleigh's Senior Assisted Living, Inc.'s Motion for Reconsideration (ECF No. 22). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Motion.

      This Fair Labor Standards Act ("FLSA") action, filed on September 21, 2018, arises from allegations that Defendants failed to pay minimum wage and overtime to nursing home caregivers and medical technicians, who oftentimes stayed overnight to care for elderly residents. (Compl. ¶¶ 12–15, ECF No. 1). On November 21, 2018, Defendants filed a Motion to Dismiss for failure to state a claim. (ECF No. 10). Once the motion was fully briefed, the Court issued a Memorandum Opinion and Order on September 30, 2019, denying Defendants' Motion. (ECF Nos. 20, 21). Defendants filed a Motion for Reconsideration on October 10, 2019. (ECF No. 22). Plaintiff Eugene Scalia, Secretary of the United States Department of Labor (the "Secretary"), filed an Opposition on October 22, 2019. (ECF No. 25). Defendants filed a Reply on November 5, 2019. (ECF No. 28).

      Rule 54(b) governs motions to reconsider interlocutory orders. See Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1470 (4th Cir. 1991) (finding district court properly reconsidered interlocutory order under Rule 54(b)). This Rule provides that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). In determining whether reconsideration of an interlocutory order is warranted, Courts evaluate whether: "'(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.'" Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc., 18 F.Supp.3d 662, 676 (D.Md. 2013) (quoting Coulibaly v. JP Morgan Chase Bank, N.A., No. DKC 10–3517, 2013 WL 3507096, at *1 (D.Md. July 10, 2013)).

---

[1] Although this case was originally filed by R. Alexander Acosta in his capacity as Secretary of the United States Department of Labor, the Court substitutes his successor, Eugene Scalia, in his place. See Fed.R.Civ.P. 25(d). The Clerk shall amend the docket, consistent with this case caption, reflected the substitution.

Defendants assert that the September 30, 2019 decision was based on clear error. First, Defendants note that, although their Motion to Dismiss contained a footnote requesting a more definite statement, the Court cited Defendants' alleged failure to request such a statement when distinguishing this matter from Perez v. Sanchez, No. 6:14-cv-4326, 2016 WL 721032 (D.S.C. Feb. 24, 2016). Second, Defendants assert that "the Court's analysis was broadly informed by the historically accepted concept that FLSA exemptions should be narrowly construed against the employer" despite the United States Supreme Court's rejection of this principle in Encino Motorcars, LLC v. Navarro, 138 S.Ct. 1134, 1142 (2018). (Defs.' Mot. Recons. at 2, ECF No. 22-1). Defendants suggest that these cumulative errors resulted in an overly deferential evaluation of the Secretary's allegations, which should have either been dismissed for failure to state a claim or, at minimum, supplemented with a more definite statement.

The Secretary argues that Defendants are not entitled to a more definite statement because the Complaint asserts a plausible claim for relief; thus, Defendants' Motion for Reconsideration merely rehashes their argument that the Complaint must allege violations of the FLSA on a per-employee and per-workweek basis. The Secretary further argues that Defendants failed to cite Encino in their briefs and that the case is irrelevant to the Court's analysis. The Court agrees with the Secretary.

First, the Court notes that Defendants' purported "request" for a more definite statement fell short. In a footnote on page ten of a thirty-five-page memorandum in support of their Motion to Dismiss, Defendants, at most, suggested that the Court "consider requiring a more definite statement" in the event the Court denied Defendants' motion. (Defs.' Mem. Supp. Mot. Dismiss Compl. ["Defs.' Mot. Dismiss"] at 10 n. 1, ECF No, 10-1). Unlike Perez, Defendants' motion was not styled as one for dismissal "or, in the alternative, for a more definite statement." Perez, 2016 WL 721032, at *1. To the contrary, Defendants' sought, in the alternative, "dismissal of the claims against Lois Peters and Frank Dickerson as individual Defendants, the Secretary's willfulness claim, recordkeeping violation claim, and all claims pertaining to the period after September 20, 2017." (Defs.' Mot. Dismiss at 34). Defendants' proposed order sought either dismissal of the Complaint "in its entirety" or partial dismissal as to certain Defendants and specific claims. (See Proposed Order, ECF No. 10-2). Consequently, the Court did not err in distinguishing Perez, in part, on Defendants' failure to request a more definite statement as alternative relief. Having failed to make an unequivocal request for a more definite statement in their Motion to Dismiss, Defendants cannot now claim that the Court erred in citing that failure while distinguishing Perez. Accordingly, Defendants are not entitled to reconsideration under Rule 54(b) on this basis.

Second, even if the Court erred in failing to recognize Defendants' request for a more definite statement, Defendants omit the other—and arguably more important—bases the Court cited when distinguishing Perez: "(1) the Secretary has pleaded details here" and "(2) an unpublished opinion from another district court in the Fourth Circuit is not binding." (Sept. 30, 2019 Memo. Op. at 9, ECF No. 20). The Court's assessment of Perez's relevance to this dispute was not, and still is not, predicated solely on the relief requested. Again, this alleged error does not warrant reconsideration under Rule 54(b).

Third, Defendants failed to cite Encino in, or when defending, their Motion to Dismiss. Thus, the Court declines to consider it now. See United States v. Foreman, 369 F.3d 776, 797 (4th

Cir. 2004) (explaining that "arguments raised for the first time in a motion for reconsideration are generally deemed waived"). Moreover, as the party seeking dismissal, Defendants were "obligated to insure that [their motion] [was] complete with respect to facts, law and advocacy." Potter v. Potter, 199 F.R.D. 550, 553 (D.Md. 2001). A Rule 56(b) motion cannot be used to relitigate previously decided issues merely because Defendants failed to properly support their position.

Fourth, even if Defendants cited Encino in their motion or reply, it would not have produced a different result. In that case, the United States Supreme Court considered whether service advisors employed at car dealerships were exempt from the FLSA's overtime-pay requirement under 29 U.S.C. § 213(b)(10)(A), which applies to "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements." 138 S.Ct. at 1138. In concluding that service advisors are exempt, the Supreme Court ultimately rejected the notion that exemptions to the FLSA should be narrowly construed, reasoning: "Because the FLSA gives no 'textual indication' that its exemptions should be construed narrowly, there is no reason to give [them] anything other than a fair (rather than a 'narrow') interpretation." Id. at 1142 (citations and quotation marks omitted). However, as the Secretary correctly notes, Encino is silent as to whether courts should read factual allegations in an FLSA complaint broadly or narrowly and merely sets forth a principle of statutory construction, requiring a fair reading of exemptions to the FLSA. To the extent Defendants believed Encino established a new standard of review for FLSA cases, they had an opportunity to make that argument but failed to do so.

For the reasons stated above, Defendants' Motion for Reconsideration (ECF No. 22) is DENIED. Defendants shall FILE an Answer to the Complaint within twenty-one days of the date of this Order.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge