IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>DEPARTMENT OF LABOR<br><br>Plaintiff,<br><br>v.<br><br>LOIS PETERS, ET AL.<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>* Civil Case No.: 18-CV-2933-ADC<br>*<br>*<br>*<br>*<br>*<br>* |

**STIPULATED ORDER REGARDING PRODUCTION
AND USE OF CONFIDENTIAL INFORMATION**

Defendants International Health Care Consultants, Inc., Ashleigh's Senior Assisted Living, Inc., Cedar Lane Senior Assisted Living Facility, Inc., Lois Peters, and Frank Dickerson, and Plaintiff, Martin J. Walsh, Secretary of Labor, (collectively, "the Parties") by and through their counsel, submit this Protective Order Regarding Production and Use of Confidential Information ("Protective Order") for approval by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. This Stipulation and Order is made with the understanding that Defendants have represented to the Court that certain documents or information expected to be subject to disclosure during the litigation of this matter qualify for protection under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). In light of those representations, the Parties agree to the following procedure for the designation of materials as confidential and protected under HIPAA, the resolution of any disputes to the appropriateness of such designation, and the handling of HIPAA confidential materials. The Parties state as follows:

1. This Stipulation and HIPAA Qualified Confidentiality Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public

disclosure and use extends only to the protected health information ("PHI") as that term used in HIPAA and the Privacy Standards of Individually Identifiable Health Information ("Privacy Standards") and defined in 45 C.F.R. §§ 160 and 164. Only PHI may be designated as CONFIDENTIAL.

2. Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

    a. The designation of PHI shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." A party may, for ESI produced or disclosed, designate a document as "CONFIDENTIAL" by providing a description of each document to be designated as "CONFIDENTIAL" along with an indication that such document is designated "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains PHI which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of such information. In the event that documents are produced or disclosed for inspection at the party's facilities, such documents may be produced for inspection or disclosed before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential

2

information will then be marked or designated as confidential after copying but before delivery to the party who inspected and designated the documents.

  b. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed "CONFIDENTIAL" only if they are designated as such when the deposition is taken or within ten (10) business days after the receipt of the transcript. Any testimony that describes a document that has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

  c. Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

  d. Except as otherwise required by law, the parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, without the prior written consent of the designating party, except that disclosures may be made to the following persons ("Qualified Persons") in accordance with the terms of this Order:

    i. Counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit;

    ii. Deponents;

    iii. Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

    iv. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit, including but not limited to any employees of the U.S. Department of Labor.

    e. Before documents designated as "CONFIDENTIAL" are disclosed to any Qualified Person enumerated in Paragraph 1(d), absent express written agreement of the parties to the contrary, such Qualified Person must first be provided with a copy of this Order and agree to be bound by the provisions of the Order requiring that such documents be held in confidence by signing the Verification attached hereto as Exhibit A.

    f. Except as provided in subparagraphs (d) and (e) above, and paragraphs 6-9, parties and counsel for the parties must keep all documents designated as "CONFIDENTIAL" which are received are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

    g. All copies, duplicates, extracts, summaries, descriptions (collectively, "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

    h. A party may mark as "CONFIDENTIAL" documents disclosed by another party when such person in good faith believes that it is the rightful owner of the document or information contained in the document, and that the document contains PHI.

3. Confidential Information Filed with Court. To the extent that materials subject to this Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a

4

simultaneous motion pursuant to L.R. 104.13(c) (an "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes the materials subject to this Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under Paragraph (4) of this Order.

4. Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by Paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

5. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of the designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

6. Nothing herein shall be construed to supersede or alter Plaintiff's recordkeeping and disclosure obligations under federal law, including but not limited to the Freedom of Information Act and the Federal Records Act, and the regulations at 29 C.F.R. 70.26, et seq.

7. The Court retains the right to allow, sua sponte or upon motion, disclosure of any subject covered by the Stipulation and Order or to modify this Stipulation and order at any time in the interest of justice and upon notice to the parties and an opportunity to be heard.

5

8. Nothing herein shall prevent disclosure of information or material to government law enforcement agencies as required by law.

9. Nothing herein shall prevent disclosure beyond the terms of this Stipulation and Order if the Designating Party consents in writing to such disclosure, or if the party seeking such disclosure, upon timely notice to the other party and a motion filed with the Court, receives approval of the Court.

10. Return of Inadvertently Disclosed Materials. Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the attorney work product doctrine shall be, upon written request, promptly returned to the producing party, or destroyed, at the requesting party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

Respectfully Submitted,

*/s Parker E. Theoni*

Parker E. Thoeni (Bar No. 30250)
Paul D. Burgin (Bar No. 20228)
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, Maryland 21202
Telephone: (410) 752-1040
Facsimile: (410) 752-8861
thoeni@shawe.com
burgin@shawe.com

*Counsel for Defendant*

January 31, 2022

6

Oscar Hampton III
Regional Solicitor

Adam Welsh
Counsel for Wage and Hour

/s *Andrea Luby*
Senior Trial Attorney
PA Bar No. 321609
United States Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103
215-861-5128

January 31, 2022

IT IS SO ORDERED:

_____
Date  1 February 2022

_____
A. David Copperthite
United States Magistrate Judge

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MARTIN J. WALSH, <br> SECRETARY OF LABOR, <br> DEPARTMENT OF LABOR <br><br> Plaintiff, <br><br> v. <br><br> LOIS PETERS, ET AL. <br><br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * Civil Case No.: 18-CV-2933-ADC <br> * <br> * <br> * <br> * <br> * <br> * |

**VERIFICATION**

1. My name is _____ and my address is

_____.

2. I acknowledge that I have received and read a copy of the Protective Order Regarding Production and Use of Confidential Information ("Protective Order"), which has been entered by the Court in this litigation.

3. I further acknowledge that I will use all Confidential Information as defined therein ("Confidential Information") only in connection with this litigation. I will not disclose the Confidential Information provided to me to any person who is not authorized to receive, disclose, or use the Confidential Information pursuant to the Protective Order, and I will not

7

photocopy or otherwise duplicate Confidential Information, nor will I disclose or use the Confidential Information for any purpose other than the conduct of this litigation.

4. I further acknowledge that I will not discuss Confidential Information with any person other than those persons who are authorized by the Protective Order to have access to the Confidential Information.

5. I further understand that any disclosure or use of Confidential Information contrary to the provisions of the Protective Order shall subject me to sanctions for contempt and/or subject me to civil liability to the Party producing the information. I further agree to subject myself to the jurisdiction of this Court for the purpose of any proceedings related to the Protective Order and this Verification.

_____

Name (Please print)

_____       _____

Date       Signature

Witness:

_____

Name (Please print)

_____       _____

Date       Signature